# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HUGO SOTO and SHARON SOTO, individually and on behalf of similarly situated persons, | Case No. 17-cv-6902 |
| Plaintiffs, | Judge Robert M. Dow, Jr. |
| v. | |
| GREAT AMERICA LLC, d/b/a SIX FLAGS GREAT AMERICA and SIX FLAGS HURRICANE HARBOR, and DOES 1 to 20, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' motion [7] to remand this case to state court. For the reasons stated below, Plaintiffs' motion [7] is granted. The Clerk is directed to remand this case to the Circuit Court of the Nineteenth Judicial Circuit, Lake County for further proceedings. Plaintiffs' request for attorneys' fees pursuant to 28 U.S.C. § 1447(c) is denied.[1]

**I.    Background**

On August 5, 2017, Plaintiffs Hugo and Sharon Soto each used their debit cards to purchase food five separate times at Defendant's Six Flags theme park. [4, Ex. B (Compl.), ¶ 4.] For each of these transactions, Plaintiffs were provided an electronically printed receipt that included the first eight digits of their debit card numbers in addition to the last four digits. [*Id.*] Several days later, Plaintiffs filed a putative class action in Illinois state court alleging that Defendant's provision of these receipts constitutes a willful violation of 15 U.S.C. § 1681c(g)(1), a provision of the Fair Credit Reporting Act ("FCRA"), as amended by the Fair and Accurate

---

[1] Plaintiffs have filed two motions [26; 28] for leave to cite additional authority. These motions are granted and, as this opinion reflects, the additional authority has been considered.

Transactions Act of 2003 ("FACTA"). [*Id.*, ¶¶ 39–59.] The FACTA prohibits printing more than the last five digits of a credit or debit card number on an electronically printed receipt. 15 U.S.C. § 1681c(g)(1). Plaintiffs define their proposed class as: "All persons whom at a Six Flags location within the United States were provided an electronically printed receipt at the point of sale that contained more than the last five digits of their payment card's account number, from a time period beginning two years prior to the filing of this lawsuit until Six Flags stopped printing such receipts." [4, Ex. B (Compl.), ¶ 60.]

Regarding the harm suffered from Defendant's alleged FACTA violation, Plaintiffs claim that they retained their August 5, 2017 receipts but that they have made food purchases from Six Flags in the past and thrown those receipts away, increasing the risk that their payment card information could be compromised. Plaintiffs also allege that they lost time reviewing receipts to determine whether Defendant was in compliance with FACTA's truncation requirements. [*Id.*, ¶¶ 5–8, 48–50.] Plaintiffs do not allege that their debit card information, or the personal information of any putative class member, has actually been compromised by Defendant's actions.

After Plaintiffs filed their class action complaint in state court, Defendant timely removed the case to federal court on the basis of federal question jurisdiction and Class Action Fairness Act jurisdiction.[2] [See 4.] Plaintiffs responded by filed a motion to remand the case to state court on the ground that they lack Article III standing to proceed in federal court. [See 7.] Plaintiffs' motion also requests attorneys' fees pursuant to 28 U.S.C. § 1447(c).

## II. Legal Standard

---

[2] Defendant's opposition to Plaintiffs' motion [18] states that it also removed the case based on diversity jurisdiction, but this does not appear to be one of the grounds for removal in the notice that Defendant filed. [See 4.]

"The federal removal statute permits a defendant to remove a civil action from state court when a district court has original jurisdiction over the action." *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) (citing 28 U.S.C. § 1441(a)). The party invoking federal jurisdiction has the burden of establishing that it exists. See *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (a removing defendant must demonstrate "reasonable probability" that subject-matter jurisdiction exists). In evaluating whether to remand a case, a plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand. See, *e.g.*, *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum."); *Schmude v. Sheahan*, 198 F. Supp. 2d 964, 966 (N.D. Ill. 2002) ("Generally, the removal statute is strictly construed, with an eye towards limiting federal jurisdiction.").

**III. Analysis**

Defendant makes three arguments in opposition to Plaintiffs' motion. Defendant first argues that the Court should defer determination of the motion until the Judicial Panel on Multidistrict Litigation ("JPML") decides its motion to consolidate this action with two other similar federal lawsuits for coordinated pretrial proceedings. [18, at 4–6.] This argument has been rendered moot because the JPML denied Defendant's motion in February 2018. [See 21.]

Defendant also argues that dismissal, not remand, is appropriate here if the Court agrees that Plaintiffs lack standing, because remand to state court would be futile. [See 18, at 6–11.] Finally, Defendant argues that if the motion to remand is granted, Plaintiffs are not entitled to an award of attorneys' fees. [*Id.*, at 11–12.]

### A. Plaintiffs' Standing

Neither party disputes that federal jurisdiction is lacking in this case because Plaintiffs do not have Article III standing to assert their claims. "Standing is a threshold question in every federal case because if the litigants do not have standing to raise their claims the court is without authority to consider the merits of the action." *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016) (quoting *Freedom From Religion Found., Inc. v. Zielke*, 845 F.2d 1463, 1467 (7th Cir. 1988)); see also *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017) ("Article III of the Constitution limits our review to actual 'Cases' and 'Controversies' brought by litigants who demonstrate standing.").

The "irreducible constitutional minimum" of Article III standing consists of three elements. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560–61; *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). In *Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016), the Seventh Circuit addressed the application of these standing principles to FACTA claims. The Seventh Circuit in *Meyers* held that plaintiffs alleging only bare procedural violations of FACTA lack Article III standing because they have not suffered an injury-in-fact. 843 F.3d at 727–28 (plaintiff lacked standing because his claim that restaurant failed to truncate a payment card's expiration date did not allege actual harm and thus was insufficient to satisfy Article III's injury-in-fact requirement); see also *Lindner v. Roti Rests., LLC*, 2017 WL 3130755, at *3 (N.D. Ill. July 24, 2017) (applying *Meyers* to hold that plaintiffs had not suffered an injury-in-fact sufficient to establish Article III

standing where plaintiffs alleged that defendant did not properly truncate payment card numbers on a receipt, but the violation was immediately discovered before any outside parties saw it); *Paci v. Costco Wholesale Corp.*, 2017 WL 1196918, at *3 (N.D. Ill. Mar. 30, 2017) ("Like [plaintiff in *Meyers*], Paci has failed to show that she suffered any harm, or any actual increased risk of injury, because the receipt in this case violated FACTA's truncation requirement.").

Plaintiffs concede that *Meyers* controls here, compelling the conclusion that they do not have standing and thus no federal jurisdiction exists. [See 7, at 3–7.] Plaintiffs allege that Defendant violated FACTA's truncation requirements on the point-of-sale receipts provided to its customers, including Plaintiffs. Plaintiffs do not argue that their allegations regarding lost time and increased risk of identity theft are otherwise sufficient to invoke this Court's jurisdiction. Defendant likewise does not argue that anything about Plaintiffs' FACTA or Class Action Fairness Act allegations creates Article III standing. A removing defendant has the burden to demonstrate a "reasonable probability that subject-matter jurisdiction exists." *Schimmer*, 384 F.3d at 404. Defendant has not attempted to refute Plaintiffs' concession and thus has not met this burden. Therefore, the Court agrees with the parties that Plaintiffs lack Article III standing to bring their claims in federal court. See *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 912 (N.D. Ill. 2016) (where parties agree that there is no Article III standing, the jurisdictional issue is "easily and readily" resolved, and remand is the appropriate remedy).

### B. Futility of Remand

The next question the Court must address is whether this case should be remanded to state court or dismissed outright. Federal law provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Defendant argues, however, that the case should be dismissed

5

rather than remanded to state court for two reasons. First, Defendant argues that remand would be futile because Illinois imposes the same injury-in-fact requirement that federal courts do, and thus Plaintiffs have no more claim to standing in state court than they do in federal court. [See 18, at 6–10.] Second, Defendant argues that remand would be futile because Plaintiffs have failed to sufficiently state a claim for a willful FACTA violation. [See *id.*, at 10–11.]

Despite the mandatory language of § 1447(c)—a case "shall" be remanded when subject matter jurisdiction is lacking—some courts have dismissed cases rather than remanding them when "the state court is without jurisdiction to hear the case for the very same reason [the district] court lacks jurisdiction." *Porch-Clark v. Engelhart*, 930 F. Supp. 2d 928, 936 (N.D. Ill. 2013). This "futility exception" is appropriate only where "it is federal law, not state law, that precludes the state court from hearing [the] case." *Id.* at 937 (dismissing rather than remanding plaintiff's challenge to the outcome of a union election because the governing federal statute mandated that all such challenges be filed with the Secretary of Labor, thus depriving both federal and state courts of jurisdiction); see also *Wujick v. Dale & Dale, Inc.*, 43 F.3d 790, 794 (3d Cir. 1994) (directing district court to dismiss claims rather than remand them to state court because Congress withdrew jurisdiction from *all* courts over any claim of the type plaintiffs had raised, and therefore "a remand by the district court would be a vacuous act"). However, "if the existence of subject-matter jurisdiction in the state court turns on a debatable application or interpretation of state law, a federal district court should remand the case to that court, despite a party's contentions that remand would be futile." *Porch-Clark*, 930 F. Supp. 2d at 937 (citation omitted); see also *Smith v. Wis. Dep't of Agric. Trade & Consumer Protection*, 23 F.3d 1134, 1139 (7th Cir. 1994) ("[T]he fact that we believe a certain legal result *unlikely*, as a matter of state law, is not sufficient grounds for reading an exception into the absolute statutory words

'shall be remanded.'") (quoting *Me. Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't of Human Servs.*, 876 F.2d 1051, 1055 (1st Cir. 1989)).

Defendant argues that the futility exception applies here because standing in Illinois also requires that Plaintiffs suffer an injury-in-fact, and therefore the outcome will be the same in state court. Plaintiffs in turn argue that there is no "futility exception" to remand in the Seventh Circuit, see *Smith*, 23 F.3d at 1139, and in any event Illinois injury-in-fact requirements do not mirror federal requirements such that remand is necessarily futile.

Even assuming that the Seventh Circuit does recognize a futility exception to § 1447(c) in some instances, remand is still warranted here because the issue of Plaintiffs' standing to pursue their FACTA claim in state court depends on an interpretation of state standing law. Therefore, the futility exception is inapplicable. The Seventh Circuit's recent decision in *Collier v. SP Plus Corporation*, -- F.3d --, 2018 WL 2186786 (7th Cir. May 14, 2018), demonstrates this very point and controls the outcome here. In *Collier*, plaintiffs filed a class-action complaint alleging FACTA violations against defendant in state court; the defendant removed the action to federal court. *Id.* at *1. Both plaintiffs and defendant agreed that the plaintiffs lacked Article III standing to pursue their FACTA claims in federal court. Plaintiffs moved to remand the case back to state court, but the district court denied plaintiffs' motion and instead dismissed the case because Plaintiffs lacked standing in federal court. *Id.* The Seventh Circuit reversed, holding that § 1447(c) "required the district court to remand this case to state court, because it does not satisfy Article III's requirements." *Id.* at *3. Thus, following *Collier*, this Court must remand this case to state court.

Defendant's arguments regarding the fuitility of remand are unavailing and do not change this result. Illinois is not bound to follow Article III's requirements in the same way that federal

7

courts are. See *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) ("We have recognized often that the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret * * *a federal statute."); *Mocek*, 220 F. Supp. 3d at 912 ("Moreover, even when they adjudicate federal claims, state courts are not restricted by Article III of the Constitution, although they may have their own standing requirements."); see also *Deutsche Bank Nat'l Trust Co. v. Cole*, 2013 WL 6870001, at *3 (Ill. App. Ct. Dec. 23, 2013) ("Article III created the federal courts, but presupposed the existence of state courts, so no reason exists to suppose that article III jurisdictional requirements would apply to state courts."). The issue of whether an Illinois state court would dismiss Plaintiffs' claims on standing grounds depends on an application of state law, not on federal law. See *Lebron v. Gottlieb Mem'l Hosp.*, 930 N.E.2d 895, 917 n.4 (Ill. 2010) ("This court is not required to follow federal law on issues of standing, and has expressly rejected federal principles of standing."); *Greer v. Ill. Hous. Dev. Auth.*, 524 N.E.2d 561, 574 (Ill. 1988) ("[T]o the extent that the State law of standing varies from Federal law, it tends to vary in the direction of greater liberality."). Even if the injury-in-fact requirement is applied identically in both Illinois and federal courts, the existence of subject matter jurisdiction over Plaintiffs' FACTA claim in state court would depend solely on state law. In that case, the "futility exception" does not apply. See *Porch-Clark*, 930 F. Supp. 2d 937 (dismissal rather than remand is appropriate "only because it is federal law, not state law, that precludes the state court from hearing this case"); see also *Smith*, 23 F.3d at 1142 ("Wisconsin's doctrines of standing and ripeness are the business of the Wisconsin courts, and it is not for us to venture how the case would there be resolved.").

In any event, it is not clear that the Illinois injury-in-fact requirement is identical to its federal analogue. Defendant acknowledges that in *Lindner v. Roti Restaurants, LLC*, 2017 WL 3130755 (N.D. Ill. July 24, 2017), this Court previously rejected a substantially similar argument that remand to state court of a FACTA procedural violation claim would be futile because Illinois applies the same injury-in-fact requirement as federal courts. Defendant maintains, however, that the Illinois Supreme Court has repeatedly relied on federal standing requirements to determine that standing in Illinois requires an injury-in-fact. In support of its argument, Defendant cites to various Illinois cases that reference an "injury-in-fact" standing requirement using language that at times mirrors the language used to describe the federal Article III standing requirement. See, *e.g.*, *Lutkauskas v. Ricker*, 28 N.E.3d 727, 735 (Ill. 2015) ("[A]n allegation that the plaintiff has suffered an injury resulting from the defendant's action is both a pleading requirement and a prerequisite of standing.") (citations omitted); *Vill. of Chatham v. Cty. of Sangamon*, 837 N.E.2d 29, 40 (Ill. 2005) ("The claimed injury * * * must be distinct and palpable."); *Greer*, 524 N.E.2d at 575 (citing United States Supreme Court precedent to describe Illinois standing requirements); *Springfield Rare Coin Galleries, Inc. v. Johnson*, 503 N.E.2d 300, 303 (Ill. 1986) ("[P]laintiff must have sustained a real injury, fairly traceable to the defendant's conduct, which is likely to be redressed by the requested relief."). But none of these state cases holds that federal standing law is binding, rather than merely persuasive. See *Maglio v. Advocate Health & Hosps. Corp.*, 40 N.E.3d 746, 753 (Ill. App. Ct. 2015) (noting that federal standing principles are "similar" to Illinois standing principles, "and the case law is instructive"). In fact, the Illinois Supreme Court has stated that it "has expressly rejected federal principles of standing." *Lebron*, 930 N.E.2d at 917 n.4; see also *Smith*, 23 F.3d at 1139 n.10 (noting that

9

"[w]hile we might expect our exposition of federal constitutional law to inform a state court decision addressing the point, our decision does not bind the Wisconsin state courts.").

Moreover, as Plaintiffs rightly acknowledge, the fact that both Illinois courts and federal courts impose an injury-in-fact standing requirement on litigants does not necessarily mean that both forums define that requirement in the same way. See *People v. $1,124,905 U.S. Currency*, 685 N.E.2d 1370, 1377 (Ill. 1997) (distinguishing between Illinois standing principles and federal standing principles); *cf. Velsicol Chem. LLC v. Magnetek, Inc.*, 2017 WL 2311245, at *3 (N.D. Ill. May 26, 2017) (noting differences between Article III standing and standing under Illinois law). None of the Illinois cases that Defendant identifies definitively state that the Illinois requirement for injury-in-fact is identical, rather than merely similar, to the federal requirement for injury-in-fact. Plaintiffs also have pointed to a state trial court decision refusing to dismiss a procedural FACTA violation case on standing grounds, indicating that the substance of "injury-in-fact" differs between Illinois state and federal courts. See *Savett v. SP Plus Corp.*, 2017-CH-02437 (Cook Co. Cir. Ct. 2017). This in turn indicates that dismissal of Plaintiffs' claims in state court is not necessarily a foregone conclusion, as Defendant contends. An Illinois court could conclude that Plaintiffs' procedural FACTA violation allegations are sufficient to confer standing in state court, even if they are not sufficient to confer standing in federal court.

Because the Court cannot say definitively what an Illinois state court would decide, remand rather than dismissal is appropriate. See *Schur*, 577 F.3d at 758 (any doubts should be resolved in favor of remand to state court). Although this means that a state court potentially has jurisdiction over a federal statutory violation in an instance where a federal court does not, "this is in fact a notable quirk of the United States federalist system." *Miranda v. Magic Mountain LLC*, 2018 WL 571914, at *3 (C.D. Cal. Jan. 25, 2018); see also *Smith*, 23 F.3d at 1142 ("While

some consider it odd that a state court might have the authority to hear a federal constitutional claim in a setting where a federal court would not * * * it is clear that Article III's 'case or controversy' limitations apply only to the federal courts.") (citations omitted). The parties agree that federal subject matter jurisdiction does not exist here, and Defendant has not demonstrated that Illinois state courts will undeniably dismiss this case on the basis of federal law. As such, remand is the appropriate course of action.

Defendant has also argued that remand is futile because Plaintiffs have failed to state a claim. However, because the Court has no subject matter jurisdiction over Plaintiffs' claim, the Court will not address Defendant's arguments regarding its merits. See *Meyers*, 843 F.3d at 726; *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 751 (7th Cir. 2013) ("[O]nce a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim.") (internal quotation marks and citation omitted); *Miranda*, 2018 WL 571914, at *5 (rejecting argument that remand would be futile on Rule 12(b)(6) grounds because, even if the complaint were to be dismissed for failure to state a claim, both federal and state courts would likely allow plaintiff to amend the complaint).

### C. Attorneys' Fees

Plaintiffs have also requested attorneys' fees pursuant to 28 U.S.C. § 1447(c) in the event that their motion is granted. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This provision creates no presumption in favor or against such an award: "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an

objectively reasonable basis exists, fees should be denied." *Id.* The Seventh Circuit has interpreted this to mean that if, when the defendant filed his notice of removal, "clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

The Court will not award attorneys' fees to Plaintiffs. Although *Meyers* is binding Seventh Circuit precedent holding that a procedural FACTA violation does not by itself create federal jurisdiction, at the time that Defendant filed its notice of removal it reasonably could believe based on Plaintiffs' complaint that they would attempt to distinguish their position to assert that they did have standing, even in federal court. See [4, Ex. B (Compl.), ¶ 49] ("Plaintiff Hugo Soto lost time in reviewing his and his wife's receipts."); [*id.*, ¶ 50] ("Plaintiffs are unable to locate the electronically printed receipts corresponding to other food purchases at Six Flags made this summer and therefore [are] at a greater risk of having their payment card compromised. Plaintiffs are contemplating whether to cancel and request new debit cards."). These allegations are at least slightly different from the binding authority of *Meyers*, where plaintiff had only alleged a single violation of FACTA that no third party ever saw. 843 F.3d at 727. Defendant could therefore believe that Plaintiffs either had standing or would not concede their lack of standing. Moreover, this is not a case where Defendant removed the case on the basis of federal question jurisdiction and then immediately moved to dismiss the case based on lack of standing. See, *e.g.*, *Mocek*, 220 F. Supp. 3d at 914 (authorizing payment of attorneys' fees where defendant "tried to have it both ways by asserting, then immediately disavowing, federal jurisdiction"). The law regarding Article III standing in FACTA cases and the futility

exception to remand is also relatively recent and not so clearly established that Defendant could not have had an objectively reasonable basis for thinking that removal was proper. Therefore, Plaintiffs' request for attorneys' fees is denied.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion [7] is granted. The Clerk is directed to remand this case to the Circuit Court of the Nineteenth Judicial Circuit, Lake County for further proceedings. Plaintiffs' request for attorneys' fees pursuant to 28 U.S.C. § 1447(c) is denied.

Date: May 24, 2018

Robert M. Dow, Jr.
United States District Judge